IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal No.: 17-cr-253-PWG-4 |
| FRANCIS ARTHUR, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Francis Arthur was charged with conspiracy to commit wire fraud, conspiracy to commit money laundering, and money laundering, and he was tried before a jury from October 12-20, 2021. The jury rendered a verdict, and Mr. Arthur was found not guilty on one count of wire fraud conspiracy and guilty on six counts of money laundering. By his pending Motion for Judgment of Acquittal, or in the alternative, Motion for a New Trial, Mr. Arthur now seeks to set aside the jury verdict. Mot., ECF No. 445, as supplemented by ECF No. 446. The Government has responded, arguing that the evidence presented at trial is sufficient to sustain Mr. Arthur's convictions. Resp., ECF No. 449. I agree with the Government and DENY Mr. Arthur's motion.

### BACKGROUND

In brief, Mr. Arthur was alleged to have been involved, from about December 2016 to April 2017, in a scheme to launder the proceeds of a fraud scheme that involved the stealing of money from a victim's bank account. Second Superseding Indictment, ECF No. 364. The fraud scheme involved co-conspirators, assisted by a bank employee, using counterfeit identification to transfer funds from a victim's bank account to a shell company that was controlled by Mr. Arthur. *Id.* at

¶¶ 8-18. Mr. Arthur's role was to receive the fraud proceeds and then transfer the funds to his co-conspirators. *Id.*

The original indictment against Mr. Arthur and his co-defendants was returned by a federal grand jury on May 10, 2017. ECF No. 45. Since that time, all of Mr. Arthur's co-defendants' cases were resolved,[1] and only Mr. Arthur proceeded to trial. The Second Superseding Indictment, as to only Mr. Arthur, was filed September 8, 2021 and alleged one count of wire fraud conspiracy, one count of conspiracy to commit concealment money laundering, and five counts of substantive money laundering (three cashier's checks, one cash withdrawal, and one wire transfer). After a five-day trial, a jury found Mr. Arthur guilty on six counts of the Second Superseding Indictment: Count Two (Conspiracy to Commit Concealment Money Laundering); Counts Three through Six (Concealment Money Laundering); and Count Seven (both Concealment Money Laundering and Promotion Money Laundering). Verdict, ECF No. 438.

Mr. Arthur timely filed the pending motion seeking judgment of acquittal under Federal Rule of Criminal Procedure 29 (c), or in the alternative, a new trial under Federal Rule of Criminal Procedure 33 (a).

## STANDARD OF REVIEW

### I.     Motion for Judgment of Acquittal

Federal Rule of Criminal Procedure 29 permits a defendant to move for judgment of acquittal after the close of all evidence, or within 14 days after a guilty verdict regardless of whether the same motion was made prior to submission to the jury. Fed. R. Crim. P. 29(a) and (c). Following a motion, the court "must enter a judgment of acquittal of any offense for which the

---

[1]     An additional co-defendant, Kokou Azianbidji, was added by Superseding Indictment filed on February 28, 2018. ECF No. 94. All four co-defendant cases were resolved, either by entering of plea agreements or deferred prosecution.

evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In its review, the court must " '[v]iew[ ] the evidence in the light most favorable to the Government,'" *United States v. Hickman,* 626 F.3d 756, 763 (4th Cir. 2010) (quoting *United States v. Bynum,* 604 F.3d 161, 166 (4th Cir. 2010)), and uphold a conviction if it is supported by "'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Young,* 609 F.3d 348, 355 (4th Cir. 2010) (quoting *United States v. Burgos,* 94 F.3d 849, 862 (4th Cir. 1996) (*en banc*)).

**II.    Motion for New Trial**

Pursuant to Federal Rule of Criminal Procedure 33, a court may grant a new trial on motion by a defendant "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Unless grounded on newly discovered evidence, a motion for a new trial "must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b) (2). The decision to order a new trial is within the sound discretion of the trial court, *see United States v. Smith*, 451 F.3d 209, 216-17 (4th Cir. 2006), but "a trial court 'should exercise its discretion to award a new trial sparingly,' and a jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs heavily' against it." *Id.* (quoting *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003)); *see also United States v. Wilson*, 118 F.3d 228, 234 (4th Cir.1997).

**DISCUSSION**

Mr. Arthur contends that the conviction of promotion money laundering, Count Seven, should be dismissed under both Rules 29 (c) and Rule 33 (a).  He argues that there was insufficient evidence to support the conviction because the evidence established that his co-defendant, Asare, was the mastermind, and Asare was assisted by Attakora (the only co-defendant who testified at the trial).  Mot. 2; Mot. Suppl. 1 (citing Trial Tr., Oct. 13, 2021, 80-83).  He also argues that the

3

evidence established that Mr. Arthur had no role in the "promotion" of the illegal activity that led to the February 25, 2017 wire transfer. Mot. 3; Mot. Suppl. 1-2 (citing transcript excerpts). Mr. Arthur states that this conviction is the "most immediate and glaring error," presumably because the jury acquitted him on the other "promotion" money laundering counts. Mot. 2. Mr. Arthur adds that his co-defendant, Attakora, lied repeatedly in his testimony and that the testimony about Mr. Arthur's knowledge of the scheme was vague. Mot. 4-5; Mot. Suppl. 2 (citing examples). Further, Mr. Arthur contends that the remaining convictions of concealment money laundering conspiracy and concealment money laundering must also be dismissed because there was insufficient evidence to show that Mr. Arthur had knowledge of the source of the funds, or that they were derived from an illegal activity, or that the transactions he participated in were intended to conceal the nature of the proceeds. Mot. 3-4; Mot. Suppl. 4-5.

In response, the Government notes that there is no dispute regarding whether the described illegal activity occurred; rather, the sole issues presented to the jury revolved around whether Mr. Arthur participated in the scheme knowingly and voluntarily. Resp. 5. The Government argued at trial that Mr. Arthur not only knew what he was doing but that he intended to profit from the scheme. *Id.* The jury agreed, and there was sufficient evidence to support the jury's findings. *Id.* The parties agree that the jury instructions properly instructed the jury about the elements of the alleged crimes. *See* Mot. 3; Resp. 5-6. According to the Fourth Circuit, I can assume that the jurors followed their instructions. *Stamathis v. Flying J, Inc.*, 389 F.3d 429, 442 (4th Cir. 2004) ("A jury is presumed to follow the instructions of the court."). The parties also agree that a defendant "cannot challenge his conviction on one count merely because it is inconsistent with a jury's verdict of acquittal on another count." Resp. 9 (quoting *United States v. Thomas*, 900 F.2d

4

37, 40 (4th Cir. 1990) (citing *United States v. Powell*, 469 U.S. 57 (1984))); Mot. 2 (citing *Powell*, 469 U.S. at 64-65, and *Dunn v. United States*, 284 U.S. 390 (1932)).

"In order to secure a conviction on a promotion money laundering charge, the prosecution is obliged to prove four elements beyond a reasonable doubt: (1) the defendant conducted or attempted to conduct a financial transaction; (2) the transaction involved the proceeds of a specified unlawful activity; (3) the defendant knew at the time of the transaction that the property involved proceeds of an unlawful activity; and (4) the defendant intended to promote the carrying on of the specified unlawful activity." *United States v. Singh*, 518 F.3d 236, 246 (4th Cir. 2008). Mr. Arthur argues that he had no role in the promotion of the fraud scheme, he did not plan or execute the transaction at the credit union and never met the bank employee co-conspirator, and he did not participate in planning meetings. Mot. 2-3; Mot. Suppl. 1. However, there was substantial evidence that Mr. Arthur took steps to advance or "promote" the credit union fraud. In addition to Attakora's testimony about the scheme and Mr. Arthur's participation, the evidence included photographs of Mr. Arthur in the bank, and Mr. Arthur's own testimony that he processed the transactions even knowing something was wrong. He also testified that he set up the shell company and a bank account through which the funds could be deposited, and he then redistributed those funds to the co-conspirators, in return for which, he expected to receive a portion of the funds. It is not necessary for him to have participated in the planning or be involved in all of the steps. *See Wilkerson*, 137 F.3d at 221 ("In the context of a fraud case such as we have here, when proceeds are used in a transaction to commit the next step in a scheme to defraud, it is clear that the financial transaction advances and furthers the progress of the next step.").

Mr. Arthur also argues that there is insufficient evidence to establish that he knew that the source of funds was derived from illegal activity, and that the transactions charged for concealment

money laundering were intended to conceal the illegal nature of the proceeds. Mot. 3-4. The elements of concealment money laundering are:

> (1) the defendant conducted or attempted to conduct a financial transaction having at least a *de minimis* effect on interstate commerce or involving the use of a financial institution which is engaged in, or the activities of which have at least a de minimis effect on, interstate commerce; (2) the property that was the subject of the transaction involved the proceeds of specified unlawful activity; (3) the defendant knew that the property involved represented the proceeds of some form of unlawful activity; and (4) the defendant knew that the transaction was designed in whole or part, to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the unlawful activity.

*Wilkinson*, 137 F.3d at 221. "To establish the fourth element of concealment money laundering, the government must prove a specific intent to conceal." *United States v. Kivanc*, 714 F.3d 782, 796 (4th Cir. 2013) (citing *United States v. Villarini*, 238 F.3d 530, 533 (4th Cir. 2001)). Again, the evidence included Mr. Arthur's own testimony that although he knew there was something wrong with the funds, such that he tried to put a hold on them and reported the deposit to the police, he still went into his bank with Asare and processed the withdrawals and transfers out of his company's account. The evidence also included the photos of Mr. Arthur in the bank with Asare. And the evidence included Attakora's testimony. Although Mr. Arthur argues that Attakora lied, the jurors are the judges of the credibility of each witness as well as the importance of a witness's testimony. Viewing the evidence in the light most favorable to the Government, and deferring to the jury's assessments of the witnesses' credibility, I cannot conclude that there was insufficient evidence for the jury's findings. Further, I cannot find that the evidence weighs so heavily against the verdict that it would be unjust to enter judgment and grant a new trial.

Accordingly, I shall deny Mr. Arthur's motion for acquittal, or in the alternative, for a new trial.

**ORDER**

For the foregoing reasons, it is, this 1st day of February 2022, hereby ORDERED that Defendant Arthur's Motion for Judgment of Acquittal, under Fed. R. Crim. P. 29(c), or in the alternative, Motion for a New Trial, under Fed. R. Crim. P. 33 (a) (ECF No. 445) is DENIED.

_____/S/_____
Paul W. Grimm
United States District Judge